HANSON BRIDGETT LLP
DOROTHY S. LIU, SBN 196369
dliu@hansonbridgett.com
KENDALL C. FISHER-WU, SBN 322155
kfisher-wu@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200
Facsimile:     (415) 541-9366

Attorneys for Defendants
CEMEX CONSTRUCTION MATERIALS
PACIFIC, LLC, JOANNA PINE, DEMETRIUS
HAWKINS, and KIMBERLY LINTON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH SAMPLE, JR, <br><br> Plaintiff, <br><br> v. <br><br> CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC; JOANNA PINE; DEMETRIUS HAWKINS; KIMBERLY LINTON <br><br> Defendants. | Case No. 3:23-cv-00428-WHO <br><br> **DEFENDANTS JOANNA PINE, DEMETRIUS HAWKINS, AND KIMBERLY LINTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** <br> **[Fed. R. Civ. P. 56]** <br><br> Date:        September 3, 2025 <br> Time:       2:00 p.m. <br> Crtrm.:     2 – 17th Floor <br><br> Action Filed:                        January 30, 2023 <br> First Amend. Compl. Filed:       March 19, 2024 <br> Second Amend. Compl. Filed:  August 7, 2024 <br> Third Amend, Compl. Filed:      December 13, 2024 <br> Fourth Amend. Compl. Filed:    May 12, 2025 <br> Trial:                                     November 17, 2025 |

DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MSJ, OR IN THE ALT.,
PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

## TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ....................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..........................................................................3

I.    INTRODUCTION........................................................................................................................3

II.   PROCEDURAL HISTORY ........................................................................................................3

III.  STATEMENT OF FACTS..........................................................................................................4

     A.    CCMP Hired Plaintiff As A Ready-Mix Driver, Terminated Him For Failing Driver Training During Probation, and Later Rehired Him at a Different Location....................................................................................................................4

     B.    The Company Provides Plaintiff With Multiple Consecutive Leaves Of Absence In 2022 And 2023. ............................................................................................4

     C.    The Company Provides Plaintiff Another Consecutive Series Of Leaves Of Absence ....................................................................................................................5

     D.    Plaintiff Is Provided With Additional Extension of Continuing Leaves Of Absence ....................................................................................................................6

     E.    CCMP Issues The Medical Separation Letter On February 21, 2025, After Plaintiff's Leave Expires On February 8, 2025........................................................7

IV.   LEGAL STANDARD ..................................................................................................................8

V.    ARGUMENT ..............................................................................................................................9

     A.    Plaintiff's Fifth Cause of Action Cannot Be Based On Any Alleged Incidents Prior To February 8, 2021 ....................................................................................10

     B.    Plaintiff's Fifth Cause of Action For Harassment Fails As A Matter Of Law As Asserted Against HR Director Joanna Pine ......................................................10

          1.    Ms. Pine Engaged With Plaintiff On Routine HR Communications, Which Do Not Constitute Harassment. ...........................................................11

          2.    Ms. Pine's Alleged Failure To Investigate Plaintiff's Complaints, Even If True, Does Not Constitute Harassment As A Matter Of Law.........12

     C.    Plaintiff's Fifth Cause of Action for Harassment Fails As A Matter Of Law As Asserted Against Kim Linton. ..........................................................................14

          1.    Ms. Linton Only Engaged With Plaintiff For Routine HR Communications, Which Do Not Constitute Harassment...........................14

          2.    Ms. Linton's Alleged Failure To Investigate Plaintiff's Complaints, Even If True (Which It Is Not) Does Not Constitute Harassment As A Matter Of Law. ...............................................................................14

DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

3. The Alleged One-Off Comments Plaintiff Attributes To Ms. Linton Cannot Constitute Actionable Harassment. ...................................................15

D. Plaintiff's Fifth Cause of Action for Harassment Fails As A Matter Of Law As Asserted Against Demetrius Hawkins. ................................................17

1. The Alleged One-Off Comments Plaintiff Attributes To Mr. Hawkins Do Not Constitute Actionable Harassment. ...................................................17

VI. CONCLUSION .................................................................................................................18

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ...................................................................................................... 8

*Brent v. Boeing Co.*,
No. 217CV04429ODWEX, 2019 WL 4450424 (C.D. Cal. Sept. 17, 2019) .............. 11, 15, 17

*Carmen v. S.F. Unified Sch. Dist.*,
237 F.3d 1026 (9th Cir. 2001) ...................................................................................... 9

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ...................................................................................................... 8

*EEOC v. Nat'l Educ. Ass'n, Alaska*,
422 F.3d 840 (9th Cir. 2005) .............................................................................. 9, 15, 17

*Fair Hous. Council of Riverside Cnty., Inc. v. Grp. XIII Props. LP*,
No. EDCV21941JGBKKX, 2023 WL 4680764 (C.D. Cal. Apr. 27, 2023) .......................... 13

*Faragher v. City of Boca Raton*,
524 U.S. 775 (1998) ...................................................................................................... 9

*Forsberg v. Pac. Nw. Bell Tel. Co.*,
840 F.2d 1409 (9th Cir. 1988) ...................................................................................... 11

*Fried v. Wynn Las Vegas, LLC*,
18 F.4th 643 (9th Cir. 2021) .................................................................................... 16, 17

*Green v. City & County of San Francisco*,
2021 WL 3810243 (N.D. Cal. Aug. 26, 2021) .............................................................. 11

*Kennedy v. Applause, Inc.*,
90 F.3d 1477 (9th Cir. 1996) ........................................................................................ 8

*Kranz & Assocs. Holdings, LLC v. Lain*,
No. 23-CV-06005-PHK, 2025 WL 1771834 (N.D. Cal. June 26, 2025) ........................... 9, 16

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) ...................................................................................................... 8

*Mattioda v. Nelson*,
98 F.4th 1164 (9th Cir. 2024) ....................................................................................... 9

*Mawari v. Constellis*,
No. 23-cv-06029-LB, 2025 WL 1533009 (N.D. Cal. May 29, 2025) ........................... 3, 11, 14

*Parks v. Bd. of Trs. of Cal. State Univ.*,
No. 1:09CV1314AWIGSA, 2010 WL 1611136 (E.D. Cal. Apr. 20, 2010) .......................... 13

*Patterson v. Boeing Co.*,
No. CV 16-7613-GW (SKX), 2018 WL 5937911 (C.D. Cal. Apr. 4, 2018) ................... 15, 17

*Reynaga v. Roseburg Forest Prods.*,
847 F.3d 678 (9th Cir. 2017).............................................................................. 9, 10, 12, 14

*T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*,
809 F.2d 626 (9th Cir. 1987).......................................................................................... 8

*Tatum v. Davita Healthcare Partners, Inc.*,
790 F. App'x 58 (9th Cir. 2019)..................................................................................... 16

*Thornhill Publ'g Co. v. GTE Corp.*,
594 F.2d 730 (9th Cir. 1979).......................................................................................... 8

*Vasquez v. Cnty. of Los Angeles*,
349 F.3d 634 (9th Cir. 2003)..................................................................................... 9, 16

*White v. Capital One, N.A.*,
2025 WL 842957 (E.D. Cal. Mar. 18, 2025) ............................................................. 11

**California Cases**

*Cucuzza v. City of Santa Clara*,
104 Cal.App.4th 1031 (2002)........................................................................................ 10

*Fiol v. Doellstedt*,
50 Cal.App.4th 1318 (1996)..................................................................................... 13, 15

*Richards v. CH2M Hill, Inc.*,
26 Cal. 4th 798, 823 (2001)........................................................................................... 10

*Wade v. Ports Am. Mgmt. Corp.*,
218 Cal. App. 4th 648 (2013)......................................................................................... 4

**California Statutes**

Cal. Gov't Code
§ 12960(e) ....................................................................................................................... 10

/ / /

/ / /

/ / /

/ / /

DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

**Other Authorities**

49 C.F.R. § 391.45(c) ................................................................................................................ 6

Fed. R. Civ. P. 56(a) ................................................................................................................. 8

Fed. R. Civ. P. 56(c)(1)(A) ..................................................................................................... 15

Fed. R. Civ. P. 56(e) ................................................................................................................. 8

-v-    Case No. 3:23-cv-00428-WHO

DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

**TO PLAINTIFF JOSEPH SAMPLE, JR. AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 3, 2025, at 2:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of The Honorable William H. Orrick, located at 450 Golden Gate Avenue, Courtroom 2 – 17th Floor, San Francisco, CA 94102, Defendants Joanna Pine, Demetrius Hawkins, and Kimberly Linton ("Defendants") will and hereby do move the Court for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Pursuant to Judge Orrick's Standing Order, Defendants respectfully request that the hearing be held in person.

Defendants move for summary judgment on each of Plaintiff's claims on the following grounds:

1. Plaintiff's Fifth Claim (FEHA Harassment) fails as asserted against Defendants Pine, Hawkins, and Linton to the extent Plaintiff attempts to rely on any alleged incidents prior to February 8, 2021 because it is time-barred.

2. Plaintiff's Fifth Claim (FEHA Harassment) fails as asserted against Defendant Pine because Defendant Pine engaged with Plaintiff in routine company communications, which do not constitute harassment as a matter of law.

3. Plaintiff's Fifth Claim (FEHA Harassment) fails as asserted against Defendant Pine because, to the extent Plaintiff alleges that Defendant Pine failed to investigate any alleged harassment, a failure to investigate does not constitute harassment as a matter of law.

4. Plaintiff's Fifth Claim (FEHA Harassment) fails as asserted against Defendant Linton because Defendant Linton engaged with Plaintiff in routine company communications, which do not constitute harassment as a matter of law.

5. Plaintiff's Fifth Claim (FEHA Harassment) fails as asserted against Defendant Linton because, to the extent Plaintiff alleges that Defendant Linton failed to investigate any alleged harassment, a failure to investigate does not constitute harassment as a matter of law.

6. Plaintiff's Fifth Claim (FEHA Harassment) fails as asserted against Defendant Linton because Plaintiff lacks any evidence that Defendant Linton's alleged one-off comments were severely offensive, so the comments cannot constitute actionable harassment as a matter of law.

7.     Plaintiff's Fifth Claim (FEHA Harassment) fails as asserted against Defendant Hawkins because Plaintiff lacks any evidence that Defendant Hawkins' alleged one-off comments were severely offensive, so the comments cannot constitute actionable harassment as a matter of law.

This Motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities; the Declarations of Dorothy S. Liu, Joanna Pine, and Kimberly Linton, and the attached exhibits filed concurrently herewith; all of the pleadings, files, and records in this proceeding; all other matters of which the Court may take judicial notice; and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  July 30, 2025                                    HANSON BRIDGETT LLP


By:     _/s/ Dorothy S. Liu_
                DOROTHY S. LIU
                KENDALL C. FISHER-WU
                Attorneys for Defendants
        CEMEX CONSTRUCTION MATERIALS
        PACIFIC, LLC, JOANNA PINE, DEMETRIUS
             HAWKINS, KIMBERLY LINTON

DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Through his Fifth Cause of Action for alleged harassment, Plaintiff seeks to hold three individuals personally liable: Human Resources (HR) Director Joanna Pine, HR Business Partner Kimberly Linton, and then-plant manager Demetrius Hawkins, who was Plaintiff's front line supervisor. Based on the undisputed facts, Plaintiff's harassment claim fails as a matter of law against these individual defendants, and summary judgment should be granted in their favor.

Ms. Pine and Ms. Linton engaged Plaintiff in standard HR communications in the interactive process during his extended leaves of absence. Such communications do not constitute harassment as a matter of law, as recently recognized by the Northern District in *Mawari v. Constellis*, No. 23-cv-06029-LB, 2025 WL 1533009, at *5 (N.D. Cal. May 29, 2025) (emails requesting return-to-work updates and warning of possible separation for non-compliance were "efforts to engage in the interactive process and provide reasonable accommodations," and "no reasonable jury could find that the emails constitute harassment.").

Furthermore, the one alleged comment Plaintiff attributes to Ms. Linton and the three alleged comments he attributes to Mr. Hawkins do not rise to the level of actionable harassment, as analyzed below. Finally, Plaintiff's harassment claim is time-barred to the extent he attempts to rely on any alleged incidents prior to February 8, 2021.

On these facts, summary judgment and/or partial summary judgment should be granted for Ms. Pine, Ms. Linton and Mr. Hawkins, and they should be dismissed from the action as individual defendants.

### II.    PROCEDURAL HISTORY

On January 30, 2023, Plaintiff, proceeding *pro se*, filed his Complaint asserting a cause of action under 42 U.S.C. § 1981. Dkt. No. 1. Defendants filed timely motions to dismiss, which the Court granted, staying the case to allow Plaintiff to retain counsel. Dkt. Nos. 12, 29. Plaintiff filed his First Amended Complaint (FAC) on March 19, 2024. Dkt. No. 40. Defendants moved to dismiss the FAC on May 15, 2024, which the Court granted in part. Dkt. Nos. 48, 56. Plaintiff filed his Second Amended Complaint on August 7, 2024; filed a Third Amended Complaint on

December 13, 2024; and a Fourth Amended Complaint (FOAC)[1]—the operative complaint—on May 12, 2025.[2] Dkt. Nos. 58, 82, 105.

Plaintiff asserts only one cause of action against individual defendants Joanna Pine, Demetrius Hawkins, and Kimberly Linton: the Fifth Cause of Action for harassment under California's Fair Employment and Housing Act (FEHA).

### III.    STATEMENT OF FACTS

**A.    CCMP Hired Plaintiff As A Ready-Mix Driver, Terminated Him For Failing Driver Training During Probation, and Later Rehired Him at a Different Location.**

Defendant CEMEX Construction Materials Pacific, LLC (CCMP or the Company) is a building materials company that produces, distributes and sells building materials, including ready-mix concrete. Declaration of Joanna Pine (Pine Dec.) ¶ 2. On August 2, 2017, Plaintiff was hired as a ready-mix driver. Declaration of Dorothy S. Liu (Liu Dec.) Ex. B (Pl. Depo.) 59:4-17; Pine Dec. ¶ 3. His employment was terminated on September 28, 2017, after he failed to pass driver training during his probationary period. Pl. Depo. 91:14–92:5; 92:8–25, Ex. 5; Pine Dec. ¶ 3, Ex. 5. On May 5, 2018, the Company gave Plaintiff another chance, rehiring him to the Antioch plant. Pl. Depo. 108:7-10, 109:15-25.

**B.    The Company Provides Plaintiff With Multiple Consecutive Leaves Of Absence In 2022 And 2023.**

Plaintiff requested and took FMLA/CFRA and ADA leave from August 4, 2022 to May 15,

---

[1] Plaintiff brings suit alleging 10 causes of action under federal and California law: (1) race discrimination; (2) disability discrimination; (3) failure to accommodate; (4) failure to engage in the interactive process; (5) harassment; (6) retaliation; (7) whistleblower retaliation; (8) failure to prevent discrimination and retaliation; (9) violations of 42 U.S.C. § 1981; and (10) wrongful termination in violation of public policy. *See* FOAC.

[2] On March 6, 2025, Plaintiff also filed a grievance alleging "wrongful & discriminatory termination" based on his disability and seeking lost wages and reinstatement—the same relief he seeks in his federal lawsuit. Pl. Depo. 457:5-458:11, Ex. 75. Pursuing identical claims in two separate forums constitutes an impermissible attempt at double recovery and is barred under the doctrine of election of remedies. *See Wade v. Ports Am. Mgmt. Corp.*, 218 Cal. App. 4th 648 (2013). The parties' collective bargaining agreement reinforces this bar, expressly stating that an employee may file a grievance *or* pursue another remedy—not both. Pine Decl. ¶ 7, Ex. B, CBA § 3.3(12). The deposition transcripts of Plaintiff, Pine, and Linton are attached to the Declaration of Dorothy Liu, Exhibits B, C, and D, respectively.

DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

2023 in a series of leaves of absence. Pl. Depo. 328: 23-329:23, Exs. 37, 38, 40, 41; Pine Dec. ¶¶ 5-8. Plaintiff then requested an additional 4-month leave of absence from June 26, 2023, to October 26, 2023, which was granted, although he returned to work on July 31, 2023. Pl. Depo. 342:20-23, Ex. 42; Pine Dec. ¶ 9.

Plaintiff returned to work for a brief few weeks in May and June 2023; Plaintiff then requested an additional 4-month medical leave from June 26, 2023 to October 26, 2023. Pl. Depo. 341:7-14, 342:20-23, Ex. 42, 343:2-19, Exs. 42, 43; Pine Dec. ¶ 9. He began his leave on June 26, 2023, and although the Company granted his leave request through October 26, he returned on July 31, 2023. Pine Dec. ¶ 9. Plaintiff took another medical leave from January 22, 2024 to January 29, 2024. Pl. Depo. 343:22-347:6, Exs. 44 and 45; Pine Dec. ¶ 10.

**C.      The Company Provides Plaintiff Another Consecutive Series Of Leaves Of Absence**

Plaintiff began another consecutive series of leaves beginning July 17, 2024, at first through July 31, 2024. Pl. Depo. 348:6-22, Ex. 47, 349:10-20. Plaintiff did not return on July 31, 2024. Instead, he requested baby bonding leave from August 1 to August 7, 2024, and then immediately requested a 3-month medical leave of absence from August 8 to November 8, 2024. Pl. Depo. 350:9-351:5, Ex. 48. The leave of absence slip from his psychologist again stated that Plaintiff was "unable to perform any of his job functions." *Id.*

Plaintiff's FMLA/CFRA leave expired on October 4, 2024, but he did not return to work. On October 14, 2024—a few weeks before Plaintiff's current medical leave was set to expire—CCMP initiated the interactive process with Plaintiff. Given that Plaintiff had been on a series of leaves of absence since July 17, 2024, CCMP requested that, by October 28, 2024, Plaintiff and his physician clarify: (1) whether he would actually be returning to work at the expiration of his leave on November 8, 2024; (2) whether he had any work restrictions; (3) the nature and expected duration of those restrictions; and (4) any accommodations needed. Pl. Depo. 364:13–365:13, Ex. 50; Liu Dec. Ex. D (Linton Depo.) 157:22-160:4, Ex. 10; 162:25-163:12.

Plaintiff did not respond, nor did he return to work on November 8, 2024. Linton Depo. 157:22-160:4, Ex. 10. On November 12, 2024, after hearing nothing from Plaintiff, CCMP sent Plaintiff a "recall notice" required under the union contract. Linton Depo. 163:13-165:13, Ex. 12.

DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

The recall notice explained that because Plaintiff failed to provide documentation for his continuing leave, Plaintiff was directed to report to work within 5 business days and complete the required DOT recertification medical exam to ensure his fitness for duty to drive a commercial vehicle. Pl. Depo. 373:1–374:4, Ex. 52; Linton Depo. 163:13-165:13, Ex. 12.

On November 18, 2024, Plaintiff's area manager, Julian Mateus, notified Plaintiff that his DOT physical had been scheduled for November 19, and provided the clinic details and instructions. Plaintiff responded that he didn't feel well and could not attend the DOT physical. Pl. Depo. 375:21–376:10; 378:3-13, Ex. 53. As a result, the area manager rescheduled the DOT physical for November 25, 2024.[3] Pl. Depo. 378:14-380:2, Ex. 53. Plaintiff failed to attend the DOT physicals, sent text messages citing illness, and called CCMP's request for documentation "harassment." Pl. Depo. 375:21–376:10; 377:3–380:3, Ex. 53; 380:8–382:4, Ex. 54; Pine Depo. 91:3-8; 94:24-95:23.

**D.    Plaintiff Is Provided With Additional Extension of Continuing Leaves Of Absence**

Having received no medical documentation to support Plaintiff's continuing leave of absence nor any information from Plaintiff about his actual return-to-work status, CCMP issued a second recall notice to Plaintiff on December 17, 2024. Declaration of Kimberly Linton (Linton Dec.) ¶ 9; Pl. Depo. 382:17-383:8, Ex. 55; Linton Depo. 160:11-162:3, Ex. 11. On December 19, 2024, Plaintiff submitted a leave of absence slip backdated to October 21, 2024, requesting an additional 3-month extension of his medical leave from November 8, 2024 through February 8, 2025. Pl. Depo. 350:9-351:5, Ex. 48.; 370:17–371:10, Ex. 51; 372:21–24; Linton Dec. ¶ 10, Exs. A, B.

On December 20, 2024, promptly after receiving Plaintiff's request for a further 3-month extension of his leave, the Company again asked Plaintiff to provide information about his expected return-to-work status and need for accommodation in order to evaluate his request for continuing leave. Pl. Depo. 387:2-388:9, Ex. 56; Linton Dec. ¶ 11. Rather than respond to the questions,

---

[3] Under 49 C.F.R. § 391.45(c), any commercial driver "whose ability to perform his or her normal duties has been impaired by a physical or mental injury or disease" must undergo a medical examination and obtain DOT recertification. This is a mandatory federal requirement—not a discretionary decision by the employer. Following Plaintiff's medical leave, CCMP was legally obligated under the Federal Motor Carrier Safety Regulations (FMCSR) to ensure he was medically qualified before allowing him to operate a Commercial Motor Vehicle.

DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

Plaintiff initiated a text message to HR Business Partner Linton on December 23, 2024, calling the letters from HR "discrimination and harassment" and "retaliation." Linton Dec. ¶ 12; Linton Depo., 109:23-111:18, Ex. 1; Pine Depo. 92:2-93:13, Ex. 3. Ms. Linton responded on January 2, 2025, after the holidays, asking how much additional time Plaintiff needed, explaining the Company had been requesting the information since October 14, 2024. Linton Dec. ¶ 12; Linton Depo., 109:23-111:18, Ex. 1; Pine Depo. 100:5-101:10, Ex. 3. Plaintiff did not respond with any information. Linton Dec. ¶ 12; Linton Depo., 109:23-111:18, Ex. 1.

**E.      CCMP Issues The Medical Separation Letter On February 21, 2025, After Plaintiff's Leave Expires On February 8, 2025**

On January 24, 2025—two weeks before his leave was set to expire—CCMP sent Plaintiff a follow-up request for information regarding his return to work status. Pl. Depo. 397:24-399:4, Ex. 60; Linton Dec. ¶ 13. CCMP also e-mailed Plaintiff with the follow-up on January 27, 2025; CCMP received no response. Pl. Depo. 396:16-399:4, Ex. 60.

On February 10, 2025, the Company issued a third recall notice to Plaintiff. Pl. Depo. 391:23-393:13, Ex. 57; Linton Dec. ¶ 14. Once again, Plaintiff failed to respond to the interactive process questions. Linton Dec. ¶ 14. Because Plaintiff's leave of absence had expired and Plaintiff had not provided any of the information requested to determine his ability to return to work in the foreseeable future, the Company made the decision on February 19, 2025 to medically separate his employment. Pine Depo. 62:5-64:8, 205:13-25; Linton Depo. 166:15-168:13, Ex. 14; Pine Depo. 205:2-25; 207:25-209:25; 214:6-21[4]; 236:8-25; Linton Dec. ¶¶ 14, 15; Pine Dec. ¶ 11.

Meanwhile, on February 20, 2025—10 days after the third recall notice and after CCMP made the decision to separate Plaintiff's employment—Plaintiff's counsel sent an e-mail to CCMP's outside counsel, stating Plaintiff has a serious medical condition, attaching a leave of absence slip for an additional 3-month extension of Plaintiff's leave. Liu Dec. ¶ 2, Ex. A.

On February 21, 2025, after months of continuous leave with no foreseeable return to work and Plaintiff's refusal to engage in the interactive process, CCMP issued the medical separation

---

[4] In fact, Ms. Pine testified that at least twenty (20) employees have taken leave and failed to return, resulting in their termination. Pine Depo. 216:16-217:21.

DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

letter. Linton Depo. 166:15-168:18, Ex. 14. The medical separation letter was sent to Plaintiff's house via FedEx by overnight mail on February 21, 2025, with a confirmed delivery date and time of Saturday, February 22, 2025 at 11:29 A.M. Linton Dec. ¶ 15.

## IV.    LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate specific facts showing a genuine issue for trial." *Id.* at 324 (quotations omitted). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (internal quotations omitted). "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Similarly, "uncorroborated and self-serving" testimony that "flatly contradicts [ ] prior sworn statements" cannot create a genuine issue of fact. *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir. 1996).

## V.   ARGUMENT

Plaintiff's Fifth Cause of Action for Harassment fails as a matter of law as asserted against individual defendants Joanna Pine, Demetrius Hawkins, and Kimberly Linton.

To prevail on a race harassment claim, an employee must demonstrate: (1) that he was "subjected to verbal or physical conduct of a racial nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the [employee]'s employment and create an abusive work environment." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 686 (9th Cir. 2017) (quoting *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (alterations omitted).

"'[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)' are not sufficient to create an actionable claim under Title VII." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017), quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Courts review the totality of the circumstances to determine if a work environment was actionably hostile. This involves an analysis of the "'frequency of the discriminatory conduct; its severity; whether it [wa]s physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfere[d] with an employee's work performance[.]'" *Mattioda v. Nelson*, 98 F.4th 1164, 1176 (9th Cir. 2024) (quoting *Faragher*, 524 U.S. at 787-88). The less frequently the allegedly harassing conduct occurred, the more severely offensive it must have been to constitute actionable harassment. *EEOC v. Nat'l Educ. Ass'n, Alaska*, 422 F.3d 840, 847 (9th Cir. 2005).

To show harassment, the plaintiff must establish that his work environment was "both subjectively and objectively hostile." *Reynaga*, 847 F.3d at 687. To show objective hostility, the plaintiff must establish that the allegedly harassing conduct would have been offensive to a "reasonable person" in the "employee's racial or ethnic group." *Id.* Critically, "a plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); see also *Kranz & Assocs. Holdings, LLC v. Lain*, No. 23-CV-06005-PHK, 2025 WL 1771834, at *19 (N.D. Cal. June 26, 2025) (disregarding the plaintiff's "belief that [her supervisor] wanted her to behave

-9-   Case No. 3:23-cv-00428-WHO

like a 'good, quiet little Asian girl'" in its analysis of the plaintiff's harassment claim because the plaintiff's belief was not supported by any evidence").

## A.    Plaintiff's Fifth Cause of Action Cannot Be Based On Any Alleged Incidents Prior To February 8, 2021

Government Code § 12960(e) requires a complaint to be filed with the Civil Rights Department (CRD) within three years of the alleged unlawful practice. Cal. Gov't Code § 12960(e). Plaintiff filed his CRD complaint on February 8, 2024 (FAC, Dkt. 40 pp.14-18; FOAC ¶ 9), meaning any alleged conduct before February 8, 2021 falls outside the limitations period.

Therefore, as a threshold matter, Plaintiff's harassment claim is time-barred to the extent Plaintiff attempts to rely on any alleged incidents prior to February 8, 2021. *See Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 823 (2001); *Cucuzza v. City of Santa Clara*, 104 Cal.App.4th 1031, 1041 (2002).

## B.    Plaintiff's Fifth Cause of Action For Harassment Fails As A Matter Of Law As Asserted Against HR Director Joanna Pine

Plaintiff's harassment claim fails as asserted against HR Director Joanna Pine. To succeed on his harassment claim, Plaintiff must show that Ms. Pine subjected him to (1) "verbal or physical conduct" based on his race or disability; (2) that her conduct was unwelcome to Plaintiff; and (3) that Ms. Pine's conduct was "sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive work environment." *Reynaga*, 847 F.3d at 686. Plaintiff has no evidence of the first or third elements, so his harassment claim fails as a matter of fact and law as asserted against Ms. Pine.

Plaintiff has no allegation that suggests Ms. Pine engaged in any harassing conduct "of a racial nature" or any conduct based on any disability. There is no such evidence. Plaintiff claims that Ms. Pine failed to investigate his alleged complaints and "harassed" him by attempting to engage him in the interactive process during his continuing leaves of absence. *See* FOAC ¶¶ 19, 28. Detailed below, neither theory constitutes actionable harassment.

/ / /

/ / /

-10-                                    Case No. 3:23-cv-00428-WHO

### 1.    Ms. Pine Engaged With Plaintiff On Routine HR Communications, Which Do Not Constitute Harassment.

Routine human resources communications to an employee do not constitute harassment as a matter of law. *Mawari v. Constellis*, No. 23-cv-06029-LB, 2025 WL 1533009 (N.D. Cal. May 29, 2025). In *Mawari*, the Northern District recently held that emails requesting return-to-work updates and warning of possible separation for non-compliance were "efforts to engage in the interactive process and provide reasonable accommodations," not harassment. *Id.* at *5. The *Mawari* Court rejected a virtually identical theory to what Plaintiff asserts here, holding that an employer's HR requests for documentation and warnings regarding job status were part of the interactive process and did not create a viable harassment claim as a matter of law: "No reasonable jury could find that the emails constitute harassment." *Id.*

The Court's holding in *Mawari* is not unusual. California district courts have consistently held that such employer communications, even if frequent or unwelcome, do not constitute harassment under FEHA. See *Green v. City & County of San Francisco*, 2021 WL 3810243, at *54 (N.D. Cal. Aug. 26, 2021) (holding that correspondence about leave and medical certification "stemmed from administrative needs, not animus"); *White v. Capital One, N.A.*, 2025 WL 842957, at *6 (E.D. Cal. Mar. 18, 2025) (acknowledging that routine leave communications are not actionable harassment). An employer's reasonable efforts to comply with California law and engage an employee in the interactive process cannot be "harassment." *Mawari*, 2025 WL 1533009 at *5.

There are multiple reasons why Plaintiff's harassment claim fails as asserted against Ms. Pine. First, Plaintiff has not attributed any specific HR communications to Ms. Pine, instead broadly claiming that she was part of the Company's HR group that "relentlessly harassed [Plaintiff] via letters, email and text messages" requesting interactive process documentation. FOAC ¶ 28. This is not sufficient to hold Ms. Pine personally liable for allegedly creating a hostile environment. A plaintiff's "general and conclusory allegations concerning the alleged discriminatory history of [his employer] fail to raise a material issue of fact." *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir. 1988) see also *Brent v. Boeing Co.*, No. 217CV04429ODWEX, 2019 WL 4450424, at *10 (C.D. Cal. Sept. 17, 2019), citing *Forsberg*, 840 F.2d at 1419 (granting summary judgment

-11-                                          Case No. 3:23-cv-00428-WHO

for the employer on the employee's harassment claim in part because the employee offered "no evidence to suggest that the[] [allegedly harassing] incidents are connected to his race, other than his own general and conclusory allegations").

However, even if Plaintiff had evidence that Ms. Pine sent any of these standard HR communications herself, the harassment claim still fails because none of the communications at issue were anything beyond standard HR correspondence relating to the administration of Plaintiff's many leaves of absence. Plaintiff's attempt to characterize standard HR functions—such as checking leave status, requesting doctor's notes, or advising of possible separation for non-compliance—as "relentless harassment" is legally unfounded.[5] Moreover, it is worth noting that the reason for the multiple communications from the Company's HR team, whether at the hand of Ms. Pine or Ms. Linton, was due to Plaintiff's steadfast refusal to provide the basic information necessary to evaluate his repeated and continuing leave extensions, ascertain his actual return-to-work status, if any, and assess any potential work restrictions and any requests for accommodation upon his return to work.[6]

The undisputed facts show that Plaintiff cannot establish that Ms. Pine subjected him to "verbal or physical conduct" based on his race or disability, let alone any conduct "sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive work environment. *Reynaga*, 847 F.3d at 686. The harassment claim fails as a matter of law as asserted against Ms. Pine.

### 2. Ms. Pine's Alleged Failure To Investigate Plaintiff's Complaints, Even If True, Does Not Constitute Harassment As A Matter Of Law.

Plaintiff's theory that Ms. Pine harassed him by not investigating his alleged complaints is

---

[5] To the extent Plaintiff's harassment claim is predicated on any basis not subject to Defendants' Motions for Summary Judgment and/or Partial Summary Judgment, Defendants reserve the right to raise any and all defenses at trial and do not concede the viability of any such claims.

[6] As detailed in CCMP's concurrently filed Motion for Summary Judgment, Plaintiff's cause of action against CCMP for failure to engage in the interactive process fails for this reason. As the expiration of each leave period approached, CCMP requested information about Plaintiff's actual return-to-work status. Despite repeated follow-up requests—including providing Plaintiff a copy of his job description to give to his physician to determine any necessary accommodation—Plaintiff never submitted any release to return to work; twice failed to attend the DOT physical exams required to obtain recertification of his medical certificate for his commercial driver's license; and adamantly refused to discuss his return-to-work status with the Company. *See* Pl. Depo. 364:13–365:13, Ex. 50; 387:2–388:9, Ex. 56; 397:24–399:4, Ex. 60; 375:21–376:10; 378:3–380:2, Ex. 53; 370:17–371:10, Ex. 51; 391:23–393:13, Ex. 57; 406:23–408:10, Ex. 59. Without that information, CCMP was unable to engage in any meaningful interactive process.

a nonstarter. "No individual supervisor liability [for harassment] may be imposed…for mere failures to investigate, prevent or take remedial action against harassment." *Fiol v. Doellstedt,* 50 Cal.App.4th 1318, 1326 (1996). In *Fiol*, the plaintiff asserted individual claims against her purported harasser's supervisor for failing to investigate her sexual harassment claims or otherwise failing to "control, monitor, discipline or restrain" the purported harasser and take action to address the same. *Id.* at 1322-23. The court stated:

> We are aware of no authority for the proposition that a supervisory employee is personally liable, as an aider and abettor of the wrongdoer, to a subordinate for failing to prevent the misconduct of another subordinate. In the first place, mere failure to act does not constitute the giving of "substantial assistance or encouragement" to the tortfeasor. Moreover, a supervisory employee owes no duty to his or her subordinates to prevent sexual harassment in the workplace. That is a duty owed only by the employer.

*Id*. at 1326. In "consider[ing] whether the supervisor is personally liable under the FEHA, as an aider and abettor of the employer, for failing to prevent sexual harassment," the court concluded a "nonharassing second-tier supervisor of sexual harassment by the employee's immediate supervisor" cannot be personally liable for harassment. *Id*.; see *Fair Hous. Council of Riverside Cnty., Inc. v. Grp. XIII Props. LP*, No. EDCV21941JGBKKX, 2023 WL 4680764, at *17 (C.D. Cal. Apr. 27, 2023) (citing *Fiol* and granting summary judgment for the defendants, including an individual supervisor, and noting that "FEHA does not impose vicarious liability on individual corporate officers or directors, or supervisors, who do not authorize or personally participate in the tortious conduct"); *Parks v. Bd. of Trs. of Cal. State Univ.*, No. 1:09CV1314AWIGSA, 2010 WL 1611136, at *3 (E.D. Cal. Apr. 20, 2010) (granting motion to dismiss harassment claim against individual supervisors because the plaintiff alleged that they were liable for harassment on a vicarious liability claim, which the Court described as "inapplicable," citing *Fiol)*. "[M]ere inaction by a nonharassing supervisor does not constitute aiding and abetting." *Parks*, 2010 WL 1611136, at *3, quoting *Fiol*, 50 Cal.App.4th at 1327.

Because Plaintiff's only other allegation against Ms. Pine is that she did not investigate his alleged complaints, this cause of action immediately fails as asserted against Ms. Pine. Plaintiff's allegation is precisely what *Fiol* and subsequent cases hold is not a viable theory of liability against an individual supervisor: "mere inaction." *Fiol,* 50 Cal.App.4th at 1327.

-13-

DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

**C.    Plaintiff's Fifth Cause of Action for Harassment Fails As A Matter Of Law As Asserted Against Kim Linton.**

Plaintiff seeks to hold HR Business Partner Kimberly Linton individually liable for his Fifth Cause of Action for harassment. As with Ms. Pine, Plaintiff alleges that Ms. Linton is individually liable for harassment because she allegedly failed to investigate complaints he made to the company's Human Resources department and sent him standard HR communications to engage him in the interactive process. FOAC ¶ 19. Plaintiff's sole remaining allegation relating to Ms. Linton is that she allegedly made two offhand comments—only one of which is asserted in his operative complaint, and neither of which can survive summary judgment.

**1.    Ms. Linton Only Engaged With Plaintiff For Routine HR Communications, Which Do Not Constitute Harassment.**

As analyzed above with respect to Ms. Pine, Ms. Linton's routine Human Resources communications to Plaintiff also do not constitute harassment. *Mawari*, 2025 WL 1533009, at *5. There is no evidence that Ms. Linton's outreach was anything more than routine HR communications as she attempted to engage Plaintiff in the interactive process. See *Reynaga*, 847 F.3d at 687. And again, as mentioned above, Plaintiff necessitated the Company's HR communications by refusing to provide the basic medical information necessary for the Company to evaluate his repeated leave extensions or to assess any potential accommodations. Plaintiff's harassment cause of action fails as asserted against Ms. Linton on this theory.

As with Ms. Pine, Plaintiff cannot show that Ms. Linton subjected him to "verbal or physical conduct" based on his race or disability; nor that her alleged conduct was "sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive work environment." *Reynaga*, 847 F.3d at 686. Plaintiff has no evidence of the first or third elements, so his harassment claim fails as a matter of law as asserted against Ms. Pine.

**2.    Ms. Linton's Alleged Failure To Investigate Plaintiff's Complaints, Even If True (Which It Is  Not) Does Not Constitute Harassment As A Matter Of Law.**

To the extent Plaintiff's theory of liability against Ms. Linton for harassment is based on her alleged failure to investigate his complaints, this immediately fails for the same reasons discussed

-14-    Case No. 3:23-cv-00428-WHO

above with regard to Ms. Pine. Again, "[n]o individual supervisor liability may be imposed [for harassment] for mere failures to investigate, prevent or take remedial action against harassment." *Fiol,* 50 Cal.App.4th at 1326. Plaintiff's harassment cause of action based on a failure to investigate fails as asserted against Ms. Linton.

### 3. The Alleged One-Off Comments Plaintiff Attributes To Ms. Linton Cannot Constitute Actionable Harassment.

Plaintiff's only remaining theory of harassment against Ms. Linton is that she allegedly made two offensive comments to Plaintiff. For these one-off comments to constitute actionable harassment, Plaintiff would need to demonstrate that the comments were objectively severely offensive. *EEOC v. Nat'l Educ. Ass'n, Alaska*, 422 F.3d 840, 847 (9th Cir. 2005) ("The less frequently the allegedly harassing conduct occurred, the more severely offensive it must have been to constitute actionable harassment.") Neither statement rises to this level.

Plaintiff alleges in the Fourth Amended Complaint that Ms. Linton made the following remark to him:

> "Technically and as history reflects, maybe you are what you seem to be so offended by, and you just need to loosen up and go with it." FOAC ¶ 40.

First, the alleged comment is not facially based on Plaintiff's race or disability. *Brent*, 2019 WL 4450424, at *11, citing *Patterson v. Boeing Co.*, No. CV 16-7613-GW (SKX), 2018 WL 5937911, at *24 (C.D. Cal. Apr. 4, 2018) (noting that "a lack of any facially race-based conduct ... makes it much more difficult for [the plaintiff] to establish any showing of a severe or pervasive hostile work environment"). Furthermore, Plaintiff's harassment claim cannot survive summary judgment on this theory because he has no evidence that Ms. Linton actually made this comment to him. This comment only appears in the operative pleading, and when asked at deposition whether Ms. Linton ever made any comments to Plaintiff that he considered offensive, Plaintiff did not recall any other statement except for the sole comment, discussed below. Pl. Depo. 567:14-568:7. Allegations in a complaint are not evidence and cannot establish or dispute a fact on summary judgment. Fed. R. Civ. P. 56(c)(1)(A). Therefore, even if Plaintiff had any evidence of Ms. Linton's alleged comment—which he does not—the comment does not rise to the level of actionable

-15-                                                                 Case No. 3:23-cv-00428-WHO

harassment.

Next is the singular statement about which Plaintiff testified in deposition. He claims that Ms. Linton made the following comment to him when he was reinstated after he grieved his termination for running through a red light and colliding with a passenger vehicle:

> "[O]h, you came back again?...Ain't you tired? We–we done fired you plenty of times. Ninja, why you here?" Pl. Depo. 567:14-568:7.

Setting aside whether Ms. Linton actually made this statement to Plaintiff—which Defendants deny—the comment does not rise to the level of actionable harassment. A single "isolated" or "stray" comment "is not sufficiently severe to create an objectively hostile or abusive work environment." *Kranz & Assocs. Holdings, LLC v. Lain*, No. 23-CV-06005-PHK, 2025 WL 1771834, at *19 (N.D. Cal. June 26, 2025), citing *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 648 (9th Cir. 2021); see also *Tatum v. Davita Healthcare Partners, Inc.*, 790 F. App'x 58, 59-60 (9th Cir. 2019) (holding that coworkers' conduct, including singing "We Are the World," while offensive, generally fell into the category of offhand comments that were not sufficiently severe or pervasive to create an abusive working environment); *Vasquez*, 349 F.3d at 642-44 (holding that "[t]wo isolated remarks," two incidents of yelling, and a couple of false complaints about the plaintiff were not sufficiently severe conduct to survive summary judgment on a hostile work environment claim).

An "isolated," "single stray comment" does not constitute harassment unless it is "extremely severe." *Fried*, 18 F.4th at 648; *Tatum*, 790 F. App'x 59-60. Courts have even held that "[t]wo isolated remarks," combined with two incidents of yelling, and multiple false complaints made about the plaintiff were not sufficiently severe to constitute harassment. *Vasquez*, 349 F.3d at 642-44, cited by *Kranz*, 2025 WL 1771834, at *19.

Here, there is no "extremely severe" comment attributed to Ms. Linton. The "single stray comment" Plaintiff alleges "is not sufficiently severe to create an objectively hostile or abusive work environment." *Fried*, 18 F.4th at 648. Plaintiff's harassment claim against Ms. Linton fails on this ground as well.

/ / /

-16-                                   Case No. 3:23-cv-00428-WHO
DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

**D.    Plaintiff's Fifth Cause of Action for Harassment Fails As A Matter Of Law As Asserted Against Demetrius Hawkins.**

      **1.    The Alleged One-Off Comments Plaintiff Attributes To Mr. Hawkins Do Not Constitute Actionable Harassment.**

Plaintiff claims Mr. Hawkins allegedly made three offensive comments to him. As discussed throughout, for these one-off comments to constitute actionable harassment, Plaintiff would need to demonstrate that the comments were objectively severely offensive. *Nat'l Educ. Ass'n*, 422 F.3d at 847 ("The less frequently the allegedly harassing conduct occurred, the more severely offensive it must have been to constitute actionable harassment.") None of the alleged statements, listed below, rise to this level:

> "'Dave and Jim don't like you…Two drivers don't like you here…I don't like you either….So what if they call you the N-word? I mean don't care. They call me the same thing.'" Pl. Depo. 224:11-16.

> "Man, just do your job. Nobody want to hear your mouth." Pl. Depo. 226:7-8.

> "Go back to work, man. Kick rocks." Pl. Depo. 566:22-23.

Even taken together, these comments are far from "sufficiently severe to create an objectively hostile or abusive work environment." *Fried*, 18 F.4th at 648. Only the first comment references Plaintiff's race, and not directly as an insult from Mr. Hawkins to Plaintiff—far from severely offensive. The remaining comments are not facially based on Plaintiff's race or disability. *Brent*, 2019 WL 4450424, at *11, citing *Patterson*, 2018 WL 5937911, at *24 (noting that "a lack of any facially race-based conduct ... makes it much more difficult for [the plaintiff] to establish any showing of a severe or pervasive hostile work environment"). There is simply no evidence to support Plaintiff's cause of action for harassment against Mr. Hawkins.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Case No. 3:23-cv-00428-WHO

DEFENDANTS J. PINE, D. HAWKINS, AND K. LINTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES [Fed. R. Civ. P. 56]

## VI.    CONCLUSION

Based on the foregoing, Defendants Joanna Pine, Demetrius Hawkins, and Kimberly Linton respectfully request that the Court grant their Motion for Summary Judgment, or in the alternative, Partial Summary Judgment or Summary Adjudication. They should be dismissed from the action.

DATED: July 30, 2025                                          HANSON BRIDGETT LLP


By:   _____
                       */s/ Dorothy S. Liu*
                       DOROTHY S. LIU
                       KENDALL C. FISHER-WU
                       *Attorneys for Defendants*
                       CEMEX CONSTRUCTION MATERIALS
                       PACIFIC, LLC, JOANNA PINE, DEMETRIUS
                       HAWKINS, KIMBERLY LINTON