# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## <u>CIVIL MINUTES</u>

| **Date:** March 20, 2026 | **Time:** 30 minutes 11:00 a.m. to 11:30 a.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 23-cv-00428-WHO | **Case Name:** Sample v. Cemex, et al. | |

**Attorneys for Plaintiff:**    Adante Pointer, Chambord V. Benton-Hayes, Angel Alexander, and Patrick M. Buelna

**Attorneys for Defendants:**   Dorothy Sheng-Ing Liu and Josue R. Aparico (paralegal Naissa Foster also participating)

**Deputy Clerk:** Jean Davis                      **Court Reporter:** Ana Dub

## PROCEEDINGS

Status conference conducted via videoconference to allow counsel to stipulate to prospective jurors who should be excused from voir dire based upon their jury questionnaire responses.

The Court advises counsel that Prospective **Juror No. 19** will be excused for hardship having demonstrated evidence of a health issue that would interfere with service.

Counsel have not met and conferred regarding jurors they would stipulate should be excused from voir dire. The Court proposes that they consider excusing jurors 7, 16, 17, 27, and 31 from voir dire.  The parties agree.

Plaintiff proposes that Jurors 3, 6, 21, and 23 also be excused from voir dire. Defense agrees that those jurors be excused.

Defense proposes that Jurors 13, 2, 35, 36 and 37 be excused.  Plaintiff would like to voir dire those jurors.

Counsel stipulate to excuse the following prospective jurors from voir dire: **3, 6, 21, 23, 7, 16, 17, 19, 27, and 31.**

At the Court's direction, the parties briefed the admissibility of evidence in dispute regarding grievances and disciplinary actions, which was the subject of plaintiff's motion in limine 8 (MIL No. 8)).  The Court emphasizes that this is a case about whether plaintiff was subjected to a severe and pervasive hostile work environment.  His right to be treated without discrimination and harassment is the same no matter whether he was a good or terrible employee.

The Hawkins email described in defendant's briefing links plaintiff's complaints with co-workers feeling "unsafe" with plaintiff.  That email is likely admissible and Hawkins can explain what he understood the co-workers' concerns were based on, not for the truth of the matter but to show Hawkins's state of mind, which is relevant to defendant's liability.  It is fair to put his information and actions in context.  Descriptions of events on the job that are tied to employees' perceptions of safety are likely relevant, but the disciplinary actions that may have followed are more prejudicial than probative.  If plaintiff opens the door, such as by making claims about what a good employee he was, defendant may introduce evidence that rebuts it, potentially including the disciplinary actions.  The Court's rulings on MIL No. 8 remain as previously entered.

Exhibits and demonstratives discussed. The parties have engaged in meet and confer, but some objections remain unresolved. Those are discussed, and all but the objection to medical records are resolved. Counsel will continue to meet and confer. If the issue remains in dispute, the Court will consider the objection closer in time to the anticipated offering of the medical records into evidence.

The witness sequestration rule is invoked. Only the representative and one expert per side should be present in the courtroom.  All other witnesses should be excluded.

Ms. Alexander's participation as a provisionally admitted attorney is discussed. The Court grants the unopposed request that she be able to participate fully in the trial, examining witnesses, etc.